Robert E. Schroth Sr., Esq.
Robert E. Schroth Jr., Esq.
**Schroth & Schroth, LLC**
610 West Broadway
Jackson, WY 83001
Telephone: (307) 733-5610
Facsimile: (307) 733-1058
*Attorneys for Plaintiff, Jane A. Versteeg, and all others similarly situated*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUN - 9 2008

Stephan Harris, Clerk
Cheyenne

# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| JANE A. VERSTEEG, an individual; on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BENNETT, DELONEY & NOYES, P.C., a Utah Professional Corporation; and DOES 1 THROUGH 25, BEING FICTITIOUS NAMES OF UNIDENTIFIED PERSONS WHO CONTROL THE POLICIES AND PRACTICES INVOKED BY BENNETT, DELONEY & NOYES, P.C.,<br><br>Defendants. | Civil Action No. 08-CV-153-B<br><br>**CLASS ACTION COMPLAINT**<br>--and--<br>**DEMAND FOR JURY TRIAL** |

## I. PARTIES

1.    JANE A. VERSTEEG ("Plaintiff" or "VERSTEEG") is a natural person who, at all times relevant to this complaint, resided in the City of Alpine, Sublette County, Wyoming.

2. At all times relevant to this complaint, BENNETT, DELONEY & NOYES, P.C. ("BD&N") is a for-profit Professional Corporation existing pursuant to the laws of the State of Utah. BD&N maintains its principal business address at 1265 East Fort Union Blvd., Suite 150, City of Cottonwood Heights, Salt Lake County, Utah.

3. Defendants, DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

## II. JURISDICTION & VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendants regularly transact business within this federal judicial district.

## III. PRELIMINARY STATEMENT

6. Plaintiff, on her own behalf and on behalf of the class she seeks to represent, and demanding a trial by jury, brings this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiff and others. The Plaintiff alleges that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

7.  Such practices include, *inter alia*:

(a)  Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of Defendants' identity;

(b)  Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

(c)  Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

8.  The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

9.  The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Tenth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996) (cited with approval in *Ferree v. Marianos*, 1997 U.S. App. LEXIS 30361 (10th Cir. 1997)).

10.    Attorneys who "regularly collect or attempt to collect" debts are within the scope of the FDCPA's regulation. *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995); *Ditty v. Checkrite, Ltd., Inc.*, 973 F. Supp. 1320, 1336 (D.Utah 1997).

11.    To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations is the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

12.    To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

13.    The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. The Plaintiff, on behalf of herself and all others similarly situated, requests that she and

the class members be awarded statutory, common law, or actual damages payable by the Defendants.

## IV. FACTS REGARDING PLAINTIFF

14. Sometime prior to January 2008, VERSTEEG allegedly incurred a financial obligation arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes and defaulted on that obligation.

15. The alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

16. VERSTEEG is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. VERSTEEG is informed and believes, and on that basis alleges, that sometime prior to January 2008, the alleged debt was directly or through *mesne* transactions assigned, placed, transferred, or sold the debt to BD&N for collection.

18. BD&N collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

19. BD&N is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

20. Beginning in or about January 2008, and continuing thereafter, Plaintiff began receiving a series of "pre-recorded" telephonic voice messages ("Pre-Recorded Messages") on her cellular telephone.

21. Each of the Pre-Recorded Messages uniformly failed to:

    (a) Provide meaningful disclosure of BD&N's identity as the caller;

    (b) Disclose that the communication was from a debt collector; and

    (c) Disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

22. Each of the Pre-Recorded Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. Each of the Pre-Recorded Messages was left by persons employed as debt collectors by BD&N in connection with the collection of a debt.

24. Each of the Pre-Recorded Messages was recorded by a debt collector employed by BD&N.

25. Plaintiff has never received any written communications from BD&N.

26. Each of the Pre-Recorded Messages are false, deceptive, and misleading in that the natural consequence of these communications is to harass, oppress, or abuse the least sophisticated debtor and other persons in violation of the FDCPA.

27. Each of the Pre-Recorded Messages are false, deceptive, and misleading insofar as BD&N failed to give meaningful disclosure of its identity, disclose the purpose of its call, or disclose that it is a debt collector, thereby circumventing Congress's intent to permit Plaintiff to make an informed decision as to whether she wished to return the telephone call and speak with a debt collector.

## V. POLICIES AND PRACTICES COMPLAINED OF

28. It is the policy and practice of the BD&N to leave automated, pre-recorded, telephonic voice messages for consumers and other persons that fail to:

   (a) Provide meaningful disclosure of BD&N's identity as the caller;

   (b) Disclose that the communication was from a debt collector; and

   (c) Disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

29. The Pre-Recorded Messages, as alleged in this complaint under the facts regarding Plaintiff, number in the thousands, all of which uniformly fail to:

   (a) Provide meaningful disclosure of BD&N's identity as the caller;

   (b) Disclose that the communication was from a debt collector; and

   (c) Disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

30. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by BD&N's employees that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by BD&N and, therefore, are personally liable for all of the wrongdoing alleged in this complaint.

## VI. CLASS ALLEGATIONS

31. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

32. The Plaintiff Class consists of: (i) all persons with addresses in the United States of America; (ii) who received a telephonic voice message from BD&N; (iii) which message failed to meaningfully identify BD&N as the caller, disclose that the communication was from a debt collector, or state the purpose or nature of the communication (i.e. an attempt to collect a debt); and (iv) which was left after one-year immediately preceding the filing of this complaint up through and including the date of preliminary class certification.

33. The identities of all class members are readily ascertainable from the records of BD&N and those companies and governmental entities on whose behalf BD&N attempts to collects debts.

34. Excluded from the classes are all officers, partners, managers, and directors of BD&N, its employees and officers, and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

35. The class period is one year prior to the filing of the complaint in this action for all claims under the FDCPA and continues up to and including the date of preliminary class certification.

36. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are whether BD&N's telephonic voice messages, such as the Pre-Recorded Messages referenced above, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

37. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

38. The Plaintiff will fairly and adequately protect the interests of the classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

39. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the classes defined above are so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether BD&N's telephonic voice messages, as referenced above, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

(c)  **Typicality:** The Plaintiff's claims are typical of the claims of the class members alleged herein. Plaintiff and all members of the Plaintiff class alleged herein have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)  **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits and complex legal issues. Neither the Plaintiff nor her counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(c)  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. An important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and the potential inconsistent or contradictory adjudications will be avoided as contemplated by Rule 23(b)(1) of the Federal Rules of Civil Procedure.

40. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

   (a) The questions of law and fact common to members of the class predominate over any questions affecting an individual member; and

   (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### VII. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

41. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if set forth at length herein.

42. The Defendants violated the FDCPA. The Defendants' violations with respect to the Pre-Recorded Messages include, but are not limited to, the following:

   (a) Placing telephone calls without providing meaningful disclosure of BD&N's identity as the caller in violation of 15 U.S.C. § 1692d(6).

   (b) Failing to disclose in its initial communication with the consumer that BD&N is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11).

   (c) Failing to disclose in all oral communications that BD&N is a debt collector in violation of 15 U.S.C. § 1692e(11).

## VIII.  PRAYER FOR RELIEF

43. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the putative class as follows:

A. For the FIRST CAUSE OF ACTION:

   (1) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Class as previously set forth and defined above.

   (2) An award of the maximum statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(B);

   (3) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

   (4) For such other and further relief as may be just and proper.

DATED: June 4, 2008

Respectfully submitted,
SCHROTH & SCHROTH, LLC

Robert E. Schroth Sr., Esq.
Robert E. Schroth Jr., Esq.
610 West Broadway
Jackson, WY 83001
Telephone:  (307) 733-5610
Facsimile:   (307) 733-1058
*Attorneys for Plaintiff, Jane A. Versteeg, and all others similarly situated*

## IX. DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE THAT Plaintiff demands a trial by jury against the Defendants, and each of them, for each cause of action so triable.

DATED: June 4, 2008

                                            Respectfully submitted,
                                            **SCHROTH & SCHROTH, LLC**

                                            _[signature]_

                                            Robert E. Schroth Sr., Esq.
                                            Robert E. Schroth Jr., Esq.
                                            610 West Broadway
                                            Jackson, WY 83001
                                            Telephone: (307) 733-5610
                                            Facsimile:  (307) 733-1058
                                            *Attorneys for Plaintiff, Jane A. Versteeg, and*
                                            *all others similarly situated*

AO440 (Rev. 8/01) Summons in a Civil Case

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

JANE A. VERSTEEG, an individual; on behalf of herself and all others similarly situated,

**SUMMONS IN A CIVIL CASE**

V.

BENNETT, DELONEY & NOYES, P.C. a Utah Professional Corporation; and DOES 1 THROUGH 25, BEING FICTITIOUS NAMES OF UNIDENTIFIED PERSONS WHO CONTROL THE POLICIES AND PRACTICES

**Case Number:**

TO: (Name and address of Defendant)
Bennett, Deloney & Noyes, P.C.
1265 East Fort Union Blvd., Suite 150
Salt Lake City, Utah 84047

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Robert E. Schroth
Schroth & Schroth, L.L.C.
P.O. Box 8827
Jackson, WY 83002

an answer to the complaint which is served on you with this summons, within __30__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                               DATE

(By) DEPUTY CLERK

AO440 (Rev. 8/01) Summons in a Civil Case

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me | DATE |
| NAME OF SERVER (PRINT) | TITLE |
| *Check one box below to indicate appropriate method of service* | |

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

   Executed on _____          _____
                         Date                                           Signature of Server

                                                              _____
                                                              Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JANE A. VERSTEEG

**(b)** County of Residence of First Listed Plaintiff: **Sublette County**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Schroth & Schroth, 610 West Broadway, Jackson, WY 83001

## DEFENDANTS
BENNETT, DELONEY & NOYES

County of Residence of First Listed Defendant: **Salt Lake County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1692
Brief description of cause:
Violation of Fair Debt Collection Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 6/5/2008
SIGNATURE OF ATTORNEY OF RECORD: *Robert E. Schroth, Sr.*

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.   (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.   Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**   Example:   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.