FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JAN 1 3 2011

Stephan Harris, Clerk
Cheyenne

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JANE A. VERSTEEG, <br><br> Plaintiff, <br><br> vs. <br><br> BENNETT, DELONEY & NOYES, P.C., et al., <br><br> Defendant. | Case No. 08-CV-153-F |

## ORDER ON MOTION TO CERTIFY A CLASS ACTION

This matter is before the Court on Plaintiff's Motion to Certify Class. Having reviewed the pleadings and being fully advised in the premises, the Court hereby **FINDS** and **ORDERS** as follows:

This is a class action complaint alleging violations of the Fair Debt Collections Practices Act (FDCPA) and the Telephone Consumer Protection Act (TCPA). Earlier in the case there was a joint motion to Certify the Class and for Preliminary Approval of the Class Action Settlement and Payment of Attorney's Fees. These motions were denied by Judge Brimmer. In July of 2009, the attorneys for Defendant Bennett Deloney & Noyes PC (BD&N) sought to withdraw from the case. Counsel for Defendant BD&N asserted that the company was in the process of dissolving and that as such Defendant BD&N no longer wanted representation in this matter. At the same time, Plaintiff filed a Motion for Leave to File the Second Amended Complaint. In the Second Amended Complaint, Plaintiff sought

to add in Richard Deloney and Michael Bennett to the suit in their individual capacities, because they were debt collectors under the terms of the FDCPA. On August 14, 2009, Judge Brimmer granted Plaintiff's Motion for Leave to File Second Amended Complaint. On the same day he also granted Defendant BD&N's counsel's request to withdraw for the case. On August 21, 2009, Plaintiff filed her Second Amended Complaint with the Court.

There was no action in the case until January 6, 2010, when the Clerk's Office filed a Notice of Impending Dismissal for failure to prosecute. On February 2, 2010, Plaintiff filed executed summonses for Richard Deloney, Michael Bennett and Bennett, Deloney & Noyes, P.C.. Defendants failed to Answer the Second Amended Complaint in the required time and an Entry of Default was entered against all Defendants. Then Entry of Default was entered against BD&N on February 19, 2010 and against Michael Bennett and Richard H. Deloney on February 22, 2010. On March 1, 2010, Defendant Richard Deloney filed a Motion to Dismiss or in the Alternative to Set Aside Default Judgment. On March 4, 2010, Defendant Michael Bennett filed a Motion to Dismiss or in the Alternative to Set Aside Entry of Default. On August 12, 2010, this Court denied the motions to dismiss and granted the motions to set aside and the case was set for a scheduling conference. Pursuant to the Order on Second Scheduling Conference, Plaintiff has again filed for certification of this case as a class action. Plaintiff seeks to certify two separate sub-classes, a FDCPA subclass and a TCPA subclass. Defendant Deloney filed a response objecting to the Motion for Class Certification. Plaintiff then filed an Objection to Defendant Richard Deloney's Response to Motion for Class Certification and Supporting Declaration, seeking to strike portions of the response and the affidavit of Richard Deloney. The Court agrees that Mr. Deloney's Response and Affidavit contains a number of unsupported assertions, however, there are

some items that are based on personal knowledge and therefore, the Court will only consider those portions of the Response and Affidavit which are proper. Therefore, Plaintiff's Motion to Strike is **GRANTED IN PART AND DENIED IN PART**. The Court will only consider those parts of the Response and Affidavit that are based on personal knowledge and are relevant to the issues before the Court.

### Requirements for Class Certification

Rule 23 defines the prerequisites to a Class Action. It provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of claims or defenses of the class, and (4) the represented parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). These requirements are often referred to as numerosity, commonality, typicality, and adequacy. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 156 (1982). "A party seeking class certification must show 'under a strict burden of proof' that all four requirements are clearly met." *Trevizo v. Adams,* 455 F.3d 1155, 1162 (10th Cir.2006) (quoting *Reed v. Bowen,* 849 F.2d 1307, 1309 (10th Cir.1988)). If all four requirements are satisfied, "[t]he court must then look to the category of class action under Rule 23(b) for additional prerequisites involving certification of a class." *Shook v. El Paso County*, 386 F.3d 963, 968 (10th Cir. 2004).

### *RULE 23(a)(1): NUMEROSITY*

In order to certify a class action, a plaintiff must first show that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiffs only need to show that joinder is impracticable, not impossible, to satisfy this requirement.

*Ditty v. Check Rite,* 182 F.R.D. 639, 641 (D. Utah 1998). Here, Plaintiff alleges over 316,000 members of the FDCPA suit and over 1,000,000 members of the TCPA class. Pl.'s Br. 16. The class members are from all over the United States. It would be impossible to join all members of the class. Thus, Plaintiff has met the requirement for numerosity.

*RULE 23(a)(2): COMMONALITY*

Next, a plaintiff must show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Class relief is appropriate when issues turn on questions of law applicable in the same manner to each member of the class. *Falcon*, 457 U.S. at 155 (citation omitted). Further, commonality is "qualitative rather than quantitative" - one significant issue common to the class may be sufficient to warrant certification. *Savino v. Computer Credit, Inc.*, 173 F.R.D. 346, 352 (E.D.N.Y. 1997).

Here, Defendants used an automated dialing system to call 316,000 to 360,000 consumers for the purposes of collecting a debt, using prerecorded messages. Pl.'s Br. 17. These uniform messages failed to identify the caller, Defendant BD&N, as a debt collector attempting to collect a debt. Pl.'s Br. 14. Defendant BD&N's automated system relayed messages with common similar language to all consumers they called. For these reasons the Court finds that common issues exist and that there is a common nucleus of operative fact.

*RULE 23(a)(3): TYPICALITY*

Additionally, Plaintiff must show "the claims or defenses of the representative parties are typical of claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The question of typicality . . . is closely related to the preceding question of commonality." *Ditty*, 182 F.R.D. at 642 (citations omitted). Commonality and typicality tend to all merge. *Falcon*, 457 U.S. at 158, fn. 13. They are "guideposts for determining whether the class action is economic

and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.*

Plaintiff asserts that her claims are typical of the claims of the rest of the class. Plaintiff alleges that the "Defendants left both she and FDCPA Class at least one of the 'pre-recorded' telephone voice messages, which failed to provide meaningful disclosure of the caller's identity." Pl.'s Br. 18. The typicality prong is a distinct requirement "intended to preclude certification of those cases where the legal theories of the named plaintiffs potentially conflict with those of the absentees." *Georgine v. Amchem Products, Inc.*, 83 F.3d 610, 631 (3rd Cir. 1996). "The inquiry assesses whether the named plaintiffs have incentives that align with those of the absent class members so that the absentees' interests will be fairly represented." *Id.* (citations omitted). However, the plaintiff's claim need not be substantially identical to class members' claims. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

Plaintiff's class description is broad. Plaintiff seeks to certify a class that includes all calls made to consumers by Defendants where a message, similar to the ones she received, was relayed. Pl.'s Br. 9. However, it is undetermined whether all consumers actually received Defendants' message. Defendants made 316,000-360,000 calls, but that was not necessarily the number of messages received. For example, some calls may have been dropped, unanswered, or not recorded on answering machines. Nevertheless, it is likely that Defendants' uniform calls and almost identical messages amounts to conduct that gives rise to claims of other class members based on the same legal theory.

*Rule 23(a)(4): ADEQUACY*

Plaintiff must finally demonstrate that "the represented parties will fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement tends to merge with commonality and typicality. *Falcon*, 457 U.S. at 158, ft 13. Two factors are important in determining whether the named plaintiffs provide fair and adequate protection for the interest of the class: (1) the class attorney's qualifications, experience, and ability to conduct the litigation and (2) whether the named plaintiffs have interests antagonistic to those of the class. *Ditty*, 182 F.R.D at 642(citation omitted).

First, the class attorney's qualifications, experience and the ability to conduct the litigation must be adequate. *Id*. Here, Plaintiff's counsel, Schroth & Schroth ("S&S"), is qualified and competent. In the last three years, S&S has served as Class Counsel in four class action lawsuits. Pl.'s Br. 20. These lawsuits involved claims under FDCPA and other state specific consumer protection statutes. Pl.'s Br. 20. Additionally, S&S has two constituent members, Robert E. Schroth Sr. and Robert E. Schroth, Jr. Pl.'s Br. 20. Both attorneys are members and in good standing of the State Bar of Wyoming and this Court. Pl.'s Br. 20. Both attorneys have been "intimately involved with the proceedings of this case and both are dedicated to seeing the claims through to conclusion." Pl.'s Br. 20.

Second, Plaintiff must not have interests antagonistic to those of the class. *Ditty*, 182 F.R.D at 642. "Although some courts have inquired into the plaintiffs' understanding of the lawsuit or their character, that factor is generally given little weight." *Id*. Basically, the Court must determine whether there are no conflicts of interest between the class representative and the class as a whole. *Falcon*, 457 U.S. at 158. Plaintiff has stated that she has no interests adverse to other members of the class. Pl.'s Ex. A. Plaintiff also claims that she and the class

members have exactly the same claims. Further, Plaintiff states that the maximum statutory damage is one thousand dollars for anyone bringing a claim under FDCPA.

> The FDCP provides:
>
> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1000.00; or
>
> (B) in the case of a class action, (I) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per cent of the net worth of the debt collector; and
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C.A. § 1692k (2010). Here, actual damages sustained by Plaintiff and members of the FDCPA Class are unknown. Plaintiff claims that she has a sufficient interest in the outcome and she is not adverse to any of the other class members.

*Rule 23(b)*

In addition to Rule 23(a), a party must demonstrate a type of class action under 23(b)(1), (b)(2), or (b)(3). Fed. R. Civ. Pr. 23(b). Rule 23(b)(3) states that a class action may be maintained if:

> 3. The court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members:
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. Rule 23(b)(3). Plaintiff argues that "[c]ases dealing with legality of standardized debt collection practices are generally appropriate for resolution by class action because the debt collection practice is the focal point of the analysis." Pl.'s Br. 21. Further, Plaintiff claims that class actions are often the most suitable method for resolving suits to enforce compliance with consumer protection laws because the awards in an individual case are usually too small to encourage the lone consumer to file suit. Pl.'s Br. 22 (citations omitted).

First, related to the Plaintiff's FDCPA, this case involves unique issues because there is no dispute that Defendants have limited financial ability to pay a recovery in this case. If this class is certified, there is little chance for recovery by the individual class members. The Court finds that a class action is not superior to other means of handling the FDCPA claims. Individual litigants would be more likely to recover under individual actions, rather than proceeding through this action that will not provide them with any relief.

For Plaintiff's TCPA claims, the Court does not find that "questions of law or fact common to class members predominate over any questions affecting only individual members." Rather the TCPA claims will require extensive individual fact inquiries into whether each individual gave "express consent" by providing their wireless number to the creditor during the transaction that resulted in the debt owed. See *In the Matter of Rules and*

*Regulations Implementing the Telephone Consumer Protection Act of 1991, Request of ACA International for Clarification and Declaratory Ruling*, 23 F.C.C.R. 559, 564-565 (2008). This will require an individual review of loan documents and other files related to the underlying debt obligation. These questions require individual inquiries that would predominate over the class action. For these reasons the Court finds that the TCPA class should not be certified.

## CONCLUSION

For all the foregoing reasons, Plaintiff's Motion to Certify Class Action is **DENIED**. The Court finds that Plaintiff's proposed TCPA class contains individual factual issues. For each class member asserting a TCPA claim, there will need to be a determination of whether there was "express consent" for those calls. Additionally, the Court finds that a class action is not superior to individual actions for the FDCPA claims. Plaintiff may continue the suit for both violations of the FDCPA and the TCPA on her own behalf.

Dated this 13th day of January, 2011.

NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE