FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAR 18 2011

Stephan Harris, Clerk
Cheyenne

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JANE A. VERSTEEG,<br><br>Plaintiff,<br><br>vs.<br><br>BENNETT, DELONEY & NOYES, P.C.;<br>RICHARD H. DELONEY; MICHAEL B.<br>BENNETT; *et al.*,<br><br>Defendants, | Case No. 2:08-CV-153-F |

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT

This matter is before the Court on Plaintiff Jane A. Versteeg's Motion for Partial Summary Judgment. After Plaintiff filed her motion, Defendants Michael Bennett and Bennett, DeLoney & Noyes, P.C., (BD&N) failed to respond in any manner. The Court, having read the Plaintiff's Motion and being fully advised on the premises, **FINDS** and **ORDERS** as follows:

1

**Factual Background**

This case has a long and somewhat tortured history. Plaintiff Versteeg originally brought this case against the firm of Bennett, DeLoney & Noyes, P.C., alleging violations of the Fair Debt Collection Practices Act (FDCPA) and the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 *et. seq.* Initially, Plaintiff asked the Court to certify the case as a class action. Plaintiff first moved for class-action status for alleged violations of the FDCPA and the TCPA. Judge Brimmer denied the motion. Next, Plaintiff petitioned the Court to certify two separate sub-classes, a FDCPA subclass and a TCPA subclass. The Court also denied that request, but allowed Plaintiff to continue with her individual claims.

After the case was filed, BD&N dissolved, and the attorneys representing Defendant BD&N sought to withdraw. On August 14, 2009, the Court granted Defendant BD&N's counsels' requests to withdraw from the case. With permission of the Court, Plaintiff filed a Second Amended Complaint adding Richard DeLoney and Michael Bennett to the suit as individual parties.

The Defendants ultimately failed to answer the Plaintiff's Second Amended Complaint, and the Court granted an Entry of Default against the Defendants in February 2010. However, the Defendants petitioned the Court to have the Entry of Default set aside, and the Court granted the request.

On March 10, 2011, Plaintiff and DeLoney entered a formal agreement in which Plaintiff agreed to release DeLoney from the suit with prejudice. Therefore, Plaintiff brings this motion for summary judgment against the remaining Defendants, BD&N and BD&N's managing attorney, Michael Bennett.

## Undisputed Material Facts

Plaintiff has alleged the following facts. Defendants BD&N and Bennett have failed to respond to Plaintiff's motion. Therefore, the Court finds these facts are uncontested:

1. Plaintiff Versteeg is a "consumer" as defined by 15 U.S.C. § 1693a(3).
2. BD&N is a "debt collector" as defined by 15 U.S.C. § 1692a(6).
3. BD&N attempted to collect an alleged "debt" from Plaintiff as defined by 15 U.S.C. § 1692a(5).
4. BD&N phoned Plaintiff on January 12, 2008 and January 18, 2008 in connection with the alleged debt.
5. BD&N used an "automatic telephone dialing system" to contact Plaintiff as defined by 47 U.S.C. § 227(a)(1).
6. BD&N contacted Plaintiff on her cellular telephone, without her prior express consent.

7. BD&N left a series of pre-recorded messages on Plaintiff's cellular telephone voicemail system.

8. BD&N failed to disclose its identity and its reason for calling Plaintiff in messages left on Plaintiff's telephone voicemail system.

9. Calls BD&N placed to Plaintiff's phone were not for emergency purposes.

10. Michael B. Bennett's voice appeared in some pre-recorded messages left on Plaintiff's phone.

11. Michael B. Bennett was head of collections and information technology and in charge of the employees placing the alleged unlawful calls.

12. Michael B. Bennett was a shareholder, officer, and director of BD&N.

13. The alleged debt was in the amount of $741.84.

## Discussion

Plaintiff seeks Summary Judgement for her claims arising under the FDCPA and TCPA. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In relation to her FDCPA claims, Plaintiff asserts that Defendants left voicemail messages for Plaintiff in which BD&N failed to (1) meaningfully disclose its identify, (2) disclose that Defendant was a debt collection agency, and (3) explain the nature of the call. Plaintiff asserts the FDCPA requires debt collection agencies to disclose the information when calling a consumer.

On her TCDA claims, Plaintiff argues the uncontested facts show that Defendants called her on her cellular telephone, without her consent, for a non-emergency purpose, using an automated dialing system and a pre-recorded voice message.

Plaintiff finally argues that Defendant Michael Bennett is subject to personal liability for these violations for two reasons. First, Plaintiff asserts that Bennett was personally involved in the alleged automated voice messages because his voice appears on the voicemail messages. Second, Plaintiff argues that Bennett is personally liable because of his position as a partner in the law firm that engaged in the alleged unlawful conduct.

**Violations of the FDCPA**

Plaintiff asserts Defendants violated the FDCPA by failing to disclose the identity of BD&N in telephone communications to the Plaintiff pursuant to 15 U.S.C. § 1692d(6). Plaintiff also asserts Defendants violated the FDCPA by failing to identify itself as a debt collector pursuant to 15 U.S.C. § 1692e(11).

### *Failure to Meaningfully Disclose Identity Pursuant to 15 U.S.C. § 1692d(6)*

"A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. A debt collector violates this provision when it fails to meaningfully disclose its identity when communicating with a debtor via telephone. 15 U.S.C. § 1692d(6).

Here, Plaintiff asserts in her affidavit that Defendants failed to meaningfully disclose their identity in automated messages they left on Plaintiff's telephone voicemail system. Versteeg Aff. ¶ 5, 2:08-CV-00153-NDF. Moreover, Plaintiff's affidavit includes the text of a voicemail message received on January 18, 2008 failing to disclose the identity of the caller. *Id.* at ¶ 5. Plaintiff identified the caller as the Defendant BD&N by an account "reference number" in the message that Defendant had earlier assigned to Plaintiff. *See Id.* at ¶ 4-5.

Defendant has failed to respond to Plaintiff's factual allegations. Thus, pursuant to Fed. R. Civ. P. 56(c)(1), no issue of material fact exists with regard to Defendant's failure to disclose its identity in voicemail messages left for Plaintiff.

***Failure to Disclose Identity as a Debt Collector Pursuant to 15 U.S.C. § 1692e(11)***

A debt collector violates 15 U.S.C. § 1692e(11) when it fails in its initial communications with the consumer to disclose its intent to collect a debt. Similarly, a debt collector violates the statute when it fails to identify itself as such in subsequent communications. 15 U.S.C. § 1692e(11). Moreover, numerous District Courts have held that answering machine messages and voicemail messages left by debt collectors must comply with 15 U.S.C. § 1692e(11). *E.g., Hosseinzadeh v. M.R.S. Associates*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005) (holding that messages left on debtor's answering machine constituted "communications" pursuant to the FDCPA).

Here, Plaintiff asserts in her affidavit that she received messages on her cellular telephone voicemail in which Defedant failed to disclose its status as a debt collector. Versteeg Aff. ¶ 4. Defendant has failed to dispute Plaintiff's assertion. Thus, pursuant to Fed. R. Civ. P. 56(c)(1), no issue of material fact exists with regard to Defendant's failure to identify itself as a debt collector as required by 15 U.S.C. § 1692e(11).

**<u>Violations of the TCDA</u>**

Plaintiff asserts Defendants violated the TCDA by failing to observe the prohibition on automated calls to mobile phones pursuant to 47 U.S.C. § 227. The TCPA places special

prohibitions on calls to cellular telephones and similar communication devices. In particular, the statute prohibits "any person" from:

> [M]aking any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
>
> to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. §227(b)(1)(A)(iii).

Plaintiff asserts in her affidavit that beginning about January 2008, Defendants intentionally used a prerecorded voice to place automated calls to Plaintiff's cellular telephone for a non-emergency purpose without Plaintiff's consent. Versteeg Aff. ¶ 3. These facts are uncontested. Thus, pursuant to 47 U.S.C. § 227, no issue of material fact exists with regard to Defendants' use of a prerecorded voice to place automated calls to Plaintiff's cellular telephone.

In sum, Plaintiff has moved for summary judgement pursuant to Fed. R. Civ. P. 56, and Defendant has raised no genuine dispute as to any material fact pursuant to either 15 U.S.C. § 1692d(6), 15 U.S.C. § 1692e(11) or 47 U.S.C. § 227. Therefore, summary judgement in Plaintiff's favor is appropriate as to all claims made by Plaintiff against BD&N.

**Personal Liability of Michael B. Bennett for FDCPA Violation**

Plaintiff asserts Michael B. Bennett is personally liable for any violations of the FDCPA committed by BD&N. Plaintiff argues because Bennett is a "debt collector" under the plain meaning of the federal statute, therefore liability attaches directly to him. No corporate veil piercing is required. As this Court noted in its August 12, 2010 order in this case, the Tenth Circuit has never directly addressed whether an individual operating within a corporate entity can be held personally liable for violating the FDCPA without piercing the corporate veil. However, the Court finds persuasive the reasoning in *Ditty v. CheckRite*, 973 F. Supp. 1320, 1336 (D.Utah 1997).

In that case, a consumer wrote a bad check for purchase of goods. The store eventually turned over the debt to a law firm that provided debt collection services. In pursuing the debt, the law firm attempted to charge a fee larger than that allowed by law and the consumer sued under the FDCPA. The legal issue was whether the law partner could be held personally liable for the violation. Holding the law partner was personally liable, the Court explained that attorneys regularly engaged in consumer debt collection are "debt collector[s]" pursuant to the federal statute. The Court further held that the plaintiff was not required to pierce the corporate veil because the law partner was "intimately involved with the unlawful collection practices of his firm."

The Utah court employed the same reasoning to the facts in *Brumbelow v. Law Offices of Bennett and DeLoney, P.C.,* 372 F. Supp. 2d 615 (D.Utah 2005). That case involved a class-action lawsuit in which the Plaintiffs sought to collect damages directly from partners in a law firm engaged in unlawful debt collection practices. The Utah District Court reasoned that, "[t]here is no doubt that in a generic sense a person who authors collection letters, supervises collection activities, and is the sole attorney in a debt collection firm is a 'debt collector' as defined by the FDCPA."

Here, Bennett served as officer, shareholder, and director of the firm. He was also intimately involved in his firm's collection practices. Most notably, he supervised collection activities and his voice appeared in the prerecorded messages left for alleged debtors. Therefore, Bennett is a "debt collector" under the law. As such, he is personally liability for damages awarded for violations of the FDCPA.

**Personal Liability of Michael B. Bennett for TCPA Violation**

The TCPA broadly defines who may be held liable for violations of the Act. However, few courts have considered whether the statute's "any person" language is expansive enough to hold corporate officers individually liable for violations.

This Court finds persuasive the reasoning in *Texas v. American Blastfax, Inc.*,164 F. Supp. 2d 892 (W.D.Tex. 2001). In that case, the court held that the defendant corporation, American Blastfax, Inc., "had violated the TCPA by sending unsolicited intrastate fax advertisements" without the recipients' permission. *Id.* at 897. The court also held that Blastfax officers could be held personally liable for the violations. *Id.* At 898.

In reaching its conclusion, the court reasoned that the directors should not be allowed to escape liability simply because they are corporate officers. "[T]o hold otherwise would allow the individual defendants to simply dissolve Blastfax, set up a new shell corporation, and repeat their conduct. Congress surely did not intend to permit such a result in passing the TCPA."*Id.* Therefore, "if the officer directly participated in or authorized the statutory violation, even though acting on behalf of the corporation, he may be personally liable." *Id.*

This case involves similar facts. Defendant Bennett was not merely a corporate officer; he was directly involved in the collections efforts. Moreover, it is undisputed that BD&N partners dissolved their law partnership after Plaintiff filed this lawsuit. Plaintiff now asserts that some or all of the former BD&N partners are involved in debt collections in some other capacity. Thus, the danger created when a debt collector operates under a "shell corporation" in *Texas v. American Blastfax, Inc.* is also the case here.

For all the above stated reasons, Bennett is personally liable for any damages awarded in connection with TCPA violations identified in this order.

## Damage Award

The FDCPA allows a successful individual plaintiff to recover actual damages, reasonable attorney's fees, and additional damages up to $1,000. The statute requires the Court in the case of an individual plaintiff to consider four factors in making its award decision; the frequency, nature, and persistence of the violations, and the extent to which the violations were intentional. 15 U.S.C. § 1692k(b)(1).

The TCPA provides for recovery for the greater of actual monetary losses, or $500 for each violation. In the event that a plaintiff acted knowingly or willfully, the statute provides for recovery by the Plaintiff of treble damages, or a maximum fine of $1,500 for each violation. 47 U.S.C. § 227(b)(3). Plaintiff shall submit its calculation for appropriate damages for each violation. As part of its calculations, Plaintiff shall address and incorporate the above mentioned statutory factors.

## Conclusion

Plaintiff's Motion for Summary Judgment against Defendants Bennett and BD&N is **GRANTED**. Plaintiff shall submit its calculations of damages to the Court by April 1, 2011.

Defendants Bennett and BD&N shall have until April 11, 2011 to dispute Plaintiff's calculations of damages. **IT IS FURTHER ORDERED**, pursuant to the Stipulation of Dismissal, that Defendant DeLoney is **DISMISSED** from this action with prejudice.

Dated this 18th day of March, 2011.

_____
NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE