Robert E. Schroth Sr., Esq. SBN 5-2828
Robert E. Schroth Jr., Esq.  SBN 6-3489
**Schroth & Schroth, LLC**
610 West Broadway
Jackson, WY 83001
Telephone:  (307) 733-5610
Facsimile:  (307) 733-1058
*Attorneys for Plaintiff, Jane A. Versteeg,*

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| JANE A. VERSTEEG,<br><br>        Plaintiff,<br><br>  vs.<br><br>BENNETT, DELONEY & NOYES, P.C., a<br>Utah Professional Corporation; MICHAEL B.<br>BENNETT; RICHARD H. DELONEY; *et al.*,<br><br><br>        Defendants. | Civil Action No. 2:08-cv-00153-CAB |

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR: (1) STATUTORY DAMAGES; AND (2) ATTORNEY'S FEES AND COSTS

pds1525

# TABLE OF CONTENTS

*I.     PROCEDURAL HISTORY* …………………………………………………*Error! Bookmark not defined.*

*II.    STATEMENT OF FACTS*   *Error! Bookmark not defined.*

*III.   ARGUMENT*  *Error! Bookmark not defined.*

  A. Plaintiff is Entitled to Statutory Damages Under the FDCPA ............................................. 8

  B. Plaintiff is Entitled to Statutory Damages Under the TCPA ............................................. 10

  C. Plaintiff's Attorney Is to Be Awarded Fees Pursuant to the Lodestar Formula ................................................................................................................................. 11

  D. The Lodestar May Not Be Reduced Due to the Amount of Recovery, Plaintiff's Attorneys Are Entitled to Full Compensation for Their Work on This Litigation .................................... 13

     1. The Time and Labor Required          14

     2. Whether the Fee is Fixed or Contingent        14

     3. The Results Obtained 14

     4. The Undesirability of the Case          14

     5. The Experience, Reputation, and Ability of the Attorneys   15

     6. Awards in Similar Cases        15

     7. Time Records Support Lodestar        15

  E. The Award of Attorneys' Fees Is Not Limited by the Amount of Monetary Damages ................................................................................................................................. 16

  F. Plaintiff's Attorney Is Entitled to An Award of Costs and Litigation Expenses ................................................................................................................................. 17

*VI.    CONCLUSION        17*

# TABLE OF AUTHORITIES

## Cases

*Armstrong v. Rose Law Firm, P.A.,* 2002 U.S. Dist. LEXIS 16867 at *3, *13

        D.Minn., Sept. 4, 2002)................................................................................... 15

*Blum v. Stenson*, 465 U.S. 886, 895 (1984) ................................................................ 13

*Breon v. Capital Recovery Assocs.*, No. C 05-00766 JW, 2005 U.S. Dist. LEXIS 29409

        (N.D. Cal. Nov. 8, 2005)................................................................................ 8

*Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615
  (D. Utah 2005) ………………………………………………………………… 9

*Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied*,

        *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987) ............................. 12

*City of Riverside v. Rivera*, 477 U.S. 561, 581 (1986) ................................................ 16

*Clomon v. Jackson*, 988 F.2d 1314, 1322-23 (2d Cir. 1993)........................................ 8

*Commissioner v. Jean*, 496 U.S. 154, 164 (1990) ....................................................... 15

*Davis v. City of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992) ........................ 16

*Evans v. Jeff D.*, 475 U.S. 717, 735 (1986)................................................................... 16

*Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) ........................... 11, 12

*Foti v. NCO Financial Systems*, 424 F.Supp.2d 643 (S.D.N.Y. 2006) …………………….. 9

*Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995) ....................................... 12

pds1525

*Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992)...................................................... 12

*Gradisher v. Check Enforcement Unit, Inc.,* 2003 U.S. Dist. LEXIS 753

    (W.D. Mich. 2003)........................................................................................ 15

*Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) ........................................................... 11

*J2 Global Communications, Inc. v. Blue Jay Inc.,* 2009 U.S. Dist. LEXIS 111564, (N.D.Cal. Dec. 1, 2009) ……………………………………………………………………………………10

*Jordan v. Multnomah County*, 815 F.2d 1258, 1262, 1264 n. 11 (9th Cir. 1987) ........................ 12

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)........................................ 12, 13

*Kopff v. Roth*, 2007 U.S. Dist. LEXIS 43702, at *2 (D.D.C. June 15, 2007) ............................. 11

*Montez v. Capital Recovery Assocs., Inc.*, No. C 05-01208 JW, 2005

    U.S. Dist. LEXIS 29108 (N.D. Cal. Nov. 8, 2005)............................................................. 8

*Panahiasl v. Gurney*, No. 04-04479 JF, 2007 U.S. Dist. LEXIS 17269

    (N.D. Cal. March 14, 2007) ............................................................................ 8

*Perez v. Perkiss*, 742 F.Supp. 883 (D. Del. 1990) ........................................................ 15

*Puthuff v. Lehahan Law Office*, No. 1:05cv00617 AWI DLB, 2005 U.S. Dist.

    LEXIS 27363 (E.D. Cal. Sept. 19, 2005) ............................................................ 8

*Sousa v. Miguel*, 32 F.3d 1370, 1374 (9th Cir. 1994)...................................................... 16

*Spicer v. Lenehan*, No. 3:03CV1810 (RNC), 2004 U.S. Dist. LEXIS 26563, 7-8

    (D. Conn. Aug. 20, 2004) ............................................................................... 8

pds1525

*Tolentino v. Friedman*, 46 F.3d 645, 653 (7th Cir. 1995)................................................... 13

*United States v. Nordic Village Inc*., 503 U.S. 30, 36, 112 S. Ct. 1011, 117 L. Ed. 2d 181
(U.S.1992) …………………………………………………………………………………… 10

*Webb v. Ada County*, 285 F.3d 829, 835 (9th Cir. 2002)................................................... 15

*Zagorski v. Midwest Billing Services, Inc*., 128 F.3d 1164, 1166-67 (7th Cir. 1997) .................. 16

**Statutes**

15 U.S.C. §1692a(2) ........................................................................................................ 7

15 U.S.C. §1692a(5) ........................................................................................................ 7

15 U.S.C. §1692a(6) ........................................................................................................ 7

15 U.S.C. §1692c ............................................................................................................. 8

15 U.S.C. §1692e ............................................................................................................. 8

15 U.S.C. §1692f ............................................................................................................. 8

15 U.S.C. §1692g …………………………………………………………………………8

15 U.S.C. §1692k subsectuion (a)(2)(A) ......................................................................... 8

15 U.S.C. 1692k(a)(1) ...................................................................................................... 8

15 U.S.C. §1692k(a)(2)……………………………………………………………           9

15 U.S.C. §1692k(a)(3)............................................................................................... 11, 16

15 U.S.C. §1692k(b) ........................................................................................................ 9

47 U.S.C. §227b(3) .......................................................................................................... 10

## I.    PROCEDURAL HISTORY

The original Complaint was filed in this matter on June 9, 2008. (Docket #1).   The original Complaint alleged violations of the FDCPA and TCPA by Defendant, BENNETT DELONEY & NOYES, P.C., a Utah law firm.   A First Amended Complaint was filed on November 5, 2008.  (Docket # 3).   BDN answered on December 24, 2008.  (Docket #5).

Plaintiff filed a Motion for Leave to File a Second Amend the Complaint (SAC) to add in the partners of the BDN law firm, Michael BENNETT and Richard DELONEY on July 12, 2009.  (Docket #31).  On August 14, 2009, the motion was granted (Docket # 38) and the SAC was filed August 21, 2009 (Docket # 39).  A default was entered against Defendant BENNETT on February 22, 2010.  (Docket #47).  The default was vacated on August 12, 2010 (Docket # 74).  Defendant BENNETT filed his Answer on September 3, 2010.  (Doc #76).  On October 29, 2010 Plaintiff filed a second motion for class certification. (Docket # 82)   The motion was denied but Plaintiff was allowed to continue her suit for both violations of FDCPA and TCPA on her own behalf.    Plaintiff filed a motion for summary judgment which the Court granted on March 18, 2011, as to defendants BDN and BENNETT.  [Docket 93].  The Court ordered the Plaintiff to submit calculations of damages by April 1, 2011.  [Docket 93].

## II.    <u>STATEMENT OF FACTS</u>

Plaintiff, JANE VERSTEEG incorporates by reference the Statement of Undisputed Facts [Docket 90-2].  Following is a synopsis of those facts.

pds1525

Ms. VERSTEEG is a consumer and the Defendants, Bennett, DeLoney and Noyes, PC and MICHAEL BENNETT are debt collectors.   MICHEAL BENNETT, RICHARD DELONEY and Ronald Noyes were the shareholders, officers and directors of BDN.   BENNETT was in charge of collections operations at BDN.   BDN and BENNETT attempted to collect an alleged debt owed to a clothing store named "Chicos" in Jackson, Wyoming.   The alleged debt was Ms VERSTEEG's personal, non-business account.   In connection with those attempts, BDN and Bennett left at least two pre-recorded messages on Ms. VERSTEEG's voicemail which she saved. There were numerous other messages left which were not saved.   On January 12, 2008, Ms. VERSTEEG received the following message on her telephone answering machine:

> "…important matter. Please call the Law Offices of Bennett, Deloney & Noyes as soon as possible. Our toll-free number is 1-800-988-6037. Again, the Law Offices of Bennett, Deloney & Noyce may be reached at 1-800-988-6037. Please reference the following number when calling: 14149963. We have legal assistants available to help you between the hours of 8:00 a.m. and 10:00 p.m. Eastern Standard Time, Monday through Friday. You may also reach us on Saturdays between the hours of 9:00 a.m. and 3:00 p.m. Eastern Standard Time. Press "1" now to speak to a legal assistant."

On January 18, 2008, Ms. Versteeg received the following message on her telephone answering machine:

> "Jane Versteeg, if you are that person press the number "1" on your telephone to receive the message. If you are not home, press "2" for a message. If I have the wrong number, press "3". To repeat these choices, press the "star" key. Please have Jane Versteeg call our office during business hours for a message concerning important personal business. The telephone number is 888-832-0243. Again, the number is 888-832-0243. Whoever returns this call should refer to reference number 14149963. Again, the reference number is 14149963. If you are, Jane Versteeg, press "1" on your telephone to receive the message. Thanks for delivering the message, it is important. Goodbye. To retrieve this information, press the "star" key. Thank you. Goodbye."

Defendants admitted that they are a "debt collector" as defined by 15 U.S.C. § 1692a(6). Defendants admitted that on January 12, 2008, and January 18, 2008 they called the Plaintiff in

connection with the collection of debt as defined a "debt" as defined by 15 U.S.C. §1692a(5). Defendant admitted that the above messages were a "communication" as defined by 15 U.S.C. § 1692a(2). The alleged debt they were attempting to collect was an account from Certegy.

 The Defendants admitted that they use pre-recorded messages and produced these pre-recorded messages on a CD-ROM in discovery. (Exhibit "C", disc II, Lodged with the Court, Docket 24-1). **These messages were delivered via an automated dialing system to approximately 316,000 consumers across the United States from June 9, 2007 through March 26, 2009**. The voice of the pre-recorded messages is MICHAEL BENNETT'S. BENNETT entered into a settlement agreement with Plaintiff on a class wide basis which included an injunction of the alleged conduct.  BENNETT later reneged on the agreement and shut down BDN and opened up another collections operation under a different name of Bennett Law, Pllc, 10542 S Jordan Gateway, South Jordan, UT 84095-3906.  (See Exhibit "C" attached to the Declaration of Robert Schroth Jr.).

### III.    ARGUMENT

#### A.    *Plaintiff is Entitled to Statutory Damages Under the FDCPA*

Plaintiff requests the Court award the maximum statutory damages of $1,000 under the FDCPA, 15 U.S. C. 1692k(a)(2)(A).  Other district courts have awarded the maximum $1,000 statutory damages in default judgments.  *See e.g., Panahiasl*, 2007 U.S. Dist. LEXIS 17269 at *9-*11; *Breon,* 2005 U.S. Dist. LEXIS 29409 at *9; *Montez,* 2005 U.S. Dist. LEXIS 29108 at *4; *Puthuff,* 2005 U.S. Dist. LEXIS 27363 at *9.  Other courts have awarded maximum statutory damages in non-default cases and even less egregious circumstances.  *See Masuda.,* 759 F. Supp. at 1467 (awarding $1,000 statutory damages for §1692c, §1692e and §1692f violations); *Spicer v. Lenehan*, No. 3:03CV1810 (RNC), 2004 U.S. Dist. LEXIS 26563, 7-8 (D. Conn. Aug. 20, 2004) (awarding $1,000 statutory damages for §1692c, §1692g, and §1692e violations and *citing Clomon v. Jackson*, 988 F.2d 1314, 1322-23 (2d Cir. 1993) (affirming award of $1,000 in

pds1525

statutory damages for violation of 15 U.S.C. §1692e and rejecting claims that defendant's false and misleading method of debt collection was in good faith)).[1]

15 U.S.C. §1692k(a)(2), has two sub-sections (A&B) which provides explicit instructions for awarding class vs. individual damages.  15 U.S.C. §1692k(a)(2) states the following:

> (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

> (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector;

15 U.S.C. §1692k(b), which is entitled "Factors Considered by Court" and which again breaks out the analysis by individual vs. class claims:

> (b) Factors considered by court
> In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors—
> (1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance **by the debt collector**, the nature of such noncompliance, and the extent to which such noncompliance was intentional.

15 USC §1692k(b) *emphasis added.* Here, Defendants contacted at least 312,000 Americans with at least one of the four illegal messages in just the time period covered by this lawsuit.  The frequency and persistence of BDN's noncompliance is colossal.  The Plaintiff herself received several versions of the illegal messages.  As the Court is aware from *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005) the defendants had been sued before for FDCPA violations.   The Defendants were fully aware their messages were in violation of the FDCPA because as attorney debt collectors they were aware or should

---

[1]      *See also Teng v. Metropolitan Retail Recovery*, 851 F. Supp. 61, 67-70 (E.D.N.Y. 1994) (plaintiff who received five harassing telephone calls in 4 ½ hours was entitled to $1,000 damages); *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 179 (W.D.N.Y. 1988) (awarding plaintiff $1,000 in statutory damages where defendant circumvented the FDCPA by hiding the validation notice in every collection letter); *Armstrong v. Rose Law Firm, P.A.,* No. 00-2287 (MJD/SRN), 2002 U.S. Dist. LEXIS 4039, 17-18 (D. Minn. March 7, 2002) (awarding $1,000 statutory damages when defendant sent one letter to Plaintiff which misstated the amount of debt).

have been aware of the *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643 (S.D.N.Y. 2006) decision and its progeny declaring that the failure to identify yourself, state the nature of your call, and that the purpose of the call was debt collection was a violation of the FDCPA.   As attorney debt they are charged with knowing the law, especially debt collection law and their violation of the law can only be viewed as intentional.   Plaintiff efforts to stop the illegal conduct of BENNETT and BDN on behalf of some 312,000 persons surely deserves an award of the maximum statutory damages of $1,000.00

### B.      Plaintiff is Entitled to Statutory Damages Under the TCPA

The TCPA is another fee shifting statute that provides for statutory damages as follows**:**

> A person or entity may, if otherwise permitted by the laws or rules of court
> of a State, bring in an appropriate court of that State-
> (A) an action based on a violation of this subsection or the regulations
> prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or
> to receive $500 in damages for each such violation, whichever is greater, or
> (C) both such actions.
> If the court finds that the defendant willfully or knowingly violated this
> subsection or the regulations prescribed under this subsection, the court
> may, in its discretion, increase the amount of the award to an amount equal
> to not more than 3 times the amount available under subparagraph (B) of this
> paragraph.

47 U.S.C. 227(b)(3).

First, § 227(b)(3)(B) of the TCPA, under which Versteeg brings her claim, provides that a "person or entity may. . . bring. . . an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater. . ." (emphasis added). This language provides that Versteeg can bring an action to recover either damages for actual monetary loss, or $500 in statutory damages, for each violation. Here, Versteeg seeks $500 in statutory damages for each violation by Defendants. The language of § 227(b)(3)(B) logically provides that the $500 damage provision is a set number, as a private litigant can bring an action for actual monetary loss if it is greater than the set sum of $500. There would be no point in including the language "whichever is greater" if the statutory

damages provision was meant to be discretionary. See *United States v. Nordic Village Inc*., 503 U.S. 30, 36, 112 S. Ct. 1011, 117 L. Ed. 2d 181 (U.S.1992) (it is a "settled rule that a statute must, if possible, be construed in such fashion that every word has some operative effect").

Courts have routinely held that the $500 figure is a mandatory fixed sum.  See, e.g., *J2 Global Communications, Inc. v. Blue Jay Inc.,* 2009 U.S. Dist. LEXIS 111564, at *7 (N.D.Cal. Dec. 1, 2009) ("Because [the defendant] violated the TCPA twenty-eight times, [the plaintiff] is entitled to at least $14,000 (i.e., 28 x $500)."); *Kopff v. Roth*, 2007 U.S. Dist. LEXIS 43702, at *2 (D.D.C. June 15, 2007)  ("Accordingly, the Court finds that [the defendant] is responsible for the willful transmission of a total of 120 unsolicited facsimiles received by plaintiffs. The actual monetary loss from these transmissions was negligible. Accordingly, plaintiffs are entitled to statutory damages in the amount of $500 per transmission, for a total of $60,000.").

Here the Defendants willfully called Ms. Versteeg twice without her express prior consent for a non-emergency purposes.  [Docket 91, page 4 - Undisputed Facts 4, 6, 9] Mr. Versteeg is entitled to $500.00 for each call plus treble damages for their willful violations for a total of $3,000.00.

### C.    *Plaintiff's Attorney Is to Be Awarded Fees Pursuant to the Lodestar Formula*

It is well established that under the "American rule" courts ordinarily will not award the prevailing party attorneys' fees absent statutory authority to do so.  See *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).  The FDCPA contains a fee-shifting provision which requires a debt collector to pay the costs and reasonable attorney's fees of a successful consumer litigant.

> . . . any debt collector who fails to comply with any provision of this subchapter . . . is liable to such person in an amount equal to the sum of-- [actual damages] [statutory damages] and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. §1692k(a)(3).  In a lawsuit where fees are awarded pursuant to a fee shifting statute:

pds1525

To determine the reasonableness of a fee request. a court must begin by calculating the so-called "lodestar amount" of a fee. and a claimant is entitled to the presumption that this lodestar amount reflects a reasonable fee. The lodestar calculation is the product of the number of attorney hours reasonably expended and a "reasonable hourly rate. Once an applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable. the resulting product is presumed to be a reasonable fee as contemplated by [a fee shifting statute].

*Robinson v. City of Edmond* 160 F.3d 1275.1281 (l0th Cir. 1998). See also, *Hensley v.Eckerhart*, 461 U.S. 424, 440 (1983); *Phelps v. Hamilton*. 120 F.3d 1126. 1131 (10th Cir. 1997). Although these decisions arise in the context of the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988, these criteria also apply here. "The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7. "[F]ee-shifting statutes' similar language is a strong indication that they are to be interrupted alike." *Independent Federation of Flight Attendants v. Zipes,* 491 U.S. 754, 759 n.2 (1989) (quotations and citation omitted). Courts regularly use the lodestar methodology in awarding successful plaintiffs an attorney fee award under the FDCPA. See, e.g., *Zagorski v. Midwest Billing Services, Inc*., 128 F.3d 1164 (71h Cir. 1997).

   "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.  The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party…"  *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992).

   A district court that reduces the amount claimed by a prevailing party should identify the hours spent inefficiently and provide an explanation as to the particular degree of reduction. *Ferland*, 244 F.3d at 1150.  Blanket reductions in attorneys' fees motions are discouraged and subject to higher scrutiny upon review.  *Gates*, 987 F.2d at 1399.  In calculating the lodestar, courts should consider the factors listed in *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70

pds1525

(9th Cir. 1975) (enumerating the factors that may be considered in adjusting the lodestar amount), *cert. denied* 425 U.S. 951 (1976).

To determine whether the amount of time expended is reasonable, the Court must review time records to determine whether the time claimed is adequately documented and whether any time was unnecessary, duplicative or excessive. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied*, *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987). To determine a reasonable rate for each attorney, the Court must look to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Id.* at 1210-11 (citations omitted).

Plaintiff's attorney Robert E. Schroth Jr., expended 148.8 hours pursuing this lawsuit on behalf of Plaintiff through June 2008 until the present.   (See Exhibit "A" attached to Schroth Decl.)  The Docket itself contains 93 entries.  Despite Judge Brimmer's allegations of collusion, this was a hotly contested case until the very end.   As such the amount of time is reasonable. Schroth Decl., ¶¶7, 8, 9.   The reasonable hourly rate for an attorney with Mr. Schroth's experience *in Wyoming* is $250 per hour.  *Id.*, ¶¶9, 10.   The lodestar calculation for the efforts of Mr. Schroth and his Law Firm is $37,200. *Id.*, ¶9.  Mr. Schroth's firm also incurred $531.75 as costs and expenses of this litigation.  *Id.*, ¶12, Ex. B.

> **D.      The Lodestar May Not Be Reduced Due to the Amount of Recovery, Plaintiff's Attorneys Are Entitled to Full Compensation for Their Work on This Litigation**

The U.S. Supreme Court has stated:  "[t]he statute and legislative history establish that 'reasonable fees' under [42 U.S.C.] section 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel."  *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  "In order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases. "Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and

therefore misapplies the law." *Tolentino v. Friedman*, 46 F.3d 645, 653 (7th Cir. 1995). The lodestar as determined by the *Kerr* factors compels an award of attorney's fees in this case, as follows:

### 1.      The Time and Labor Required

Plaintiff's Counsel, expended 148.8 hours on this action plus uncharged paralegal hours. Schroth Decl., ¶¶9, 14,  As set forth in the time records,  the hours were reasonable and justified by the course of this litigation.

### 2.      Whether the Fee is Fixed or Contingent

In this case, and in many similar cases filed under the FDCPA, individual client recoveries are generally not large due to minimal actual damages and the $1,000 limit on statutory damages.  Unlike defense counsel in FDCPA cases, who are generally paid an hourly rate, it is not feasible for the victim of an FDCPA violation to pay a lawyer an hourly rate to prosecute a case.  Payment of the victim's counsel fees in FDCPA cases is therefore usually contingent upon a successful action.  Such is the case in this action.

### 3.      The Results Obtained

Here, Plaintiff's action will be successful if the Court orders Defendant to pay any statutory damages pursuant to this motion.

### 4.      The Undesirability of the Case

It is unfortunate, but true that FDCPA actions do not attract as many lawyers as other types of consumer actions, because the risks of litigation often outweigh the potential financial reward.  When Plaintiff's Counsel undertook to represent Plaintiff, it was with the knowledge that counsel might spend untold hours of hard work in a case against Defendant, without assurance of getting paid for the efforts and resources expended.  The defendant BDN was owned and controlled by two individuals BENNETT and DELONEY.  Mr. BENNETT originally entered into the settlement agreement with the undisclosed intention of dissolving the company and reneging on the agreement.  When Mr. BENNETT produce notice of dissolving the

company, Mr. Schroth amended to name the individual lawyer/owners in the lawsuit.  Plaintiff's counsel pursued those claims notwithstanding Defendant's threat of filing bankruptcy. Accordingly, the contingent nature of the fee and the risk of litigation in this case should be given substantial weight in passing upon the application for fees and expenses.  The undesirability of these cases is apparent as counsel could find **no FDCPA cases filed in this Court** as a result the hourly fee rate is a case of first impression.

5.      The Experience, Reputation, and Ability of the Attorneys

Plaintiff's counsel is experienced and able counsel.  Schroth has extensive experience prosecuting consumer, FDCPA and class actions.  *Id.* 4, 5, 6.  In the last five years Mr. Schroth has been successful in certifying five class actions and numerous landmark case law on FDCPA issues.

6.      Awards in Similar Cases

Courts consistently award attorney's fees in FDCPA cases that may be disproportionate to the amount of plaintiff's recoveries.  *Armstrong v. Rose Law Firm, P.A.,* 2002 U.S. Dist. LEXIS 16867 at *3, *13 (D.Minn., Sept. 4, 2002) ($1,000 FDCPA damages and $43,180 in attorney's fees awarded); *In re Martinez*, 266 B.R. 523, 544 (Bankr. S.D.Fla. 2001), *aff'd* 271 B.R. 696 (S.D.Fla. 2001) (attorney's fees of $29,037; $1,000 FDCPA damages); *Perez v. Perkiss*, 742 F.Supp. 883 (D. Del. 1990)($10,110 attorney's fees, plaintiff's recovery of $1,200); *Gradisher v. Check Enforcement Unit, Inc.,* 2003 U.S. Dist. LEXIS 753 (W.D. Mich. 2003) ($69,872 in attorney fees, $1,000 FDCPA damages).  An award of fees is also appropriate for the time expended in pursuing a fees and expenses.  *Commissioner v. Jean*, 496 U.S. 154, 164 (1990), *Webb v. Ada County*, 285 F.3d 829, 835 (9th Cir. 2002).

7.      Time Records Support Lodestar

The time for which Plaintiff's Counsel seeks compensation is based on contemporaneous time records.  *See* Schroth Decl., ¶¶9, 10, 13.  Typically as is the case here, time records do not reflect every minute spent on the case and exclude time for minor tasks.  The total lodestar

calculation for the award of attorneys' fees, including both work on the merits and some work on this motion is $37,200 for Mr. Schroth's work. *Id.*, ¶9.

### E.    The Award of Attorneys' Fees Is Not Limited by the Amount of Monetary Damages

The Court must award attorneys' fees pursuant to a lodestar calculation to a plaintiff who recovers more than nominal damages. The Supreme Court has rejected the argument that attorney's fee awards under a fee-shifting statute should be proportionate to damages recovered. "In the absence of any indication that Congress intended to adopt a strict rule that attorney's fees under [42 U.S.C.] section 1988 be proportionate to damages recovered, we decline to adopt such a rule ourselves." *City of Riverside v. Rivera*, 477 U.S. 561, 581 (1986) (footnote omitted). *See also Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164, 1166-67 (7th Cir. 1997) (refusal to award attorney fees to debtors who brought successful FDCPA action was abuse of discretion; methodology traditionally employed in determining appropriate fees in civil rights case was proper guideline for district court to use).

The benefits to the public as a whole resulting from lawsuits, which encourage compliance with statutory provisions, are more important than relatively small damage awards. Indeed, when a provision for counsel fees is included in a regulatory act, it is recognized that enforcement of the statute would be unlikely if an individual had to pay his or her own attorney's fees.  If the citizen does not have the resources, his day in court is denied him; the congressional policy, which he seeks to assert and vindicate, goes un-vindicated; and the entire nation, not just the individual citizen, suffers.  *City of Riverside*, 477 U.S. at 575 (citation omitted).

Courts often award attorney's fees that bear no direct relation to the amount of damages. "[A]ttorneys fees awarded by district courts have 'frequently outrun the economic benefits ultimately obtained by successful litigants.'" *Evans v. Jeff D.*, 475 U.S. 717, 735 (1986) (citation omitted).  *See also* Section IV.D.6, *supra*.  Thus, even if the Court denied all or part of Plaintiff's request for actual damages of $50,000, attorney's fees in this action should be awarded on a lodestar basis.

### F.    Plaintiff's Attorney Is Entitled to An Award of Costs and Litigation Expenses

In addition to an award of attorneys' fees, Plaintiff has also requested the award of costs and litigation expenses.  The FDCPA grants the successful plaintiff "the costs of the action." 15 U.S.C. §1692k(a)(3).  A prevailing plaintiff is entitled to an award of the same out-of-pocket litigation expenses that are normally billed to a fee-paying client, including costs incurred in travel, courier, telephone, faxing, postage and photocopying computerized research.  *Sousa v. Miguel*, 32 F.3d 1370, 1374 (9th Cir. 1994), *Davis v. City of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992).  Mr. Schroth's office incurred litigation expenses and costs of $531.75 related to prosecuting this action.  Schroth Decl., ¶12, Ex. B

## V.    CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this motion be granted and the Court order judgment against Defendants BENNETT DELONEY & NOYES PC, and MICHAEL BENNETT for: (1) maximum statutory damages of $1,000; (2) maximum statutory damages of $3,000 under the TCPA; and (3) an award of attorney's fees in the amount of $37,200.00 and litigation costs and expenses of $517.75.


Schroth & Schroth, LLC
*s/ Robert E. Schroth Jr.*

Dated: March 31, 2011                     Robert E. Schroth Jr.


I, Robert E. Schroth, I hereby certify that on March 31, 2011, I served the foregoing by placing in the U.S. mail, postage prepaid addressed to:


Michael B Bennett
4419 West Lake Bridge Drive
South Jordan, UT 84095
Email: mbennett@ymail.com
PRO SE


*/s/ Robert E. Schroth Jr.*

Robert Schroth Jr.