FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

APR 20 2011

Stephan Harris, Clerk
Cheyenne

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JANE A. VERSTEEG, <br><br> Plaintiff, <br><br> vs. <br><br> BENNETT, DELONEY & NOYES, P.C., a Utah Professional Corporation; MICHAEL B. BENNETT; RICHARD H. DELONEY, <br><br> Defendants. | Case No. 08-CV-153-F |

## ORDER GRANTING PLAINTIFF'S MOTION FOR STATUTORY DAMAGES AND ATTORNEY'S FEES AND COSTS

This matter is before the Court on Plaintiff's Motion for Statutory Damages and Attorney's Fees and Costs. Defendants Michael Bennett (Bennett) and Bennett, Deloney & Noyes, P.C. (BD&N) have failed to object to Plaintiff's Motion. The Court having reviewed Plaintiff's Motion and being fully informed in the premises FINDS and ORDERS as follows:

### BACKGROUND

Plaintiff Versteeg originally brought this case against the firm of Bennett, DeLoney & Noyes, P.C., alleging violations of the Fair Debt Collection Practices Act (FDCPA) 15

U.S.C. § 1692 *et seq* and the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 *et seq*. Initially, Judge Brimmer denied Plaintiff's first motion to certify a class action for alleged violations of the FDCPA and the TCPA. Plaintiff then brought in law partners Richard Deloney and Michael Bennett, in their capacity as debt collectors. Then Plaintiff sought to certify two separate class action suits, a FDCPA subclass and a TCPA subclass. The Court denied Plaintiff's motion to certify the two class actions, but allowed Plaintiff to continue with her individual claims.

On March 10, 2011, Plaintiff and DeLoney entered a formal agreement in which Plaintiff agreed to release DeLoney from the suit with prejudice. The Court then granted Plaintiff's Motion for Summary Judgment for her claims against BD&N and Bennett. Plaintiff now brings this motion for damages and attorneys fees arising from her individual claims for violations of the FDCPA and the TCPA.

## DISCUSSION

### Statutory Damages Under the FDCPA

Having prevailed on her FDCPA claims, Plaintiff is entitled to statutory damages. 15 U.S.C. § 1692 provides:

(a) Amount of damages

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of–
>
> > (1) any actual damage sustained by such person as a result of such failure;
> >
> > (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
>
> * * *
>
> > (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.
>
> b) Factors considered by court
> In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors–
>
> > (1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or

15 U.S.C. § 1692k (a) &(b).

The Court finds that the illegal conduct of BD&N was pervasive and that Plaintiff received several illegal calls from BD&N, therefore the Court will award Plaintiff the maximum statutory damages of $1,000.00.

## Statutory Damages Under the TCPA

The TCPA provides for a private right of action as follows:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

> (C) both such actions.

47 U.S.C.A. § 277(b)(3).

In this case, Plaintiff established two violations of the TCPA by Defendants, therefore, Plaintiff is entitled to $1,000.00 in statutory damages. The TCPA further provides that if "the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under

subparagraph (B) of this paragraph." 47 U.S.C. §227(b)(3). In this case, there was evidence that Defendants willfully and knowingly violated the provisions of the TCPA, therefore the Court will triple Plaintiff's damages for total TCPA statutory damages of $3,000.00.

## Attorney's Fees

Under the FDCPA Plaintiff is entitled to seek reasonable attorney fees. See 15 U.S.C. § 1692k(a)(3). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar approach has been recognized by the Tenth Circuit as the proper method of calculating attorney's fees in FCDPA cases. See *Anchondo v. Anderson, Crenshaw & Associates, LLC*, 616 F.3d 1098, 1103 (10th Cir. 2010). "[T]he lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 130 S.Ct. 1662, 1672 (2010).

Plaintiff's counsel requests an hourly rate of $250.00 for an attorney of his experience in Wyoming. Plaintiff claims 148.8 hours for a lodestar calculation of $37,200.00. Plaintiff is also seeking $531.75 in costs and expenses associated with this litigation.

### *Reasonable Hourly Rate*

In determining the proper fees to award "[t]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249-50 (10th Cir. 1998). To determine what constitutes a reasonable rate, the district court considers the "prevailing market rate in the relevant community." *Malloy v. Monahan,* 73 F.3d 1012, 1018 (10th Cir.1996). "Plaintiffs must provide evidence of the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224,1225 (10th Cir. 2006)(citations and quotation marks omitted). "If the district court does not have adequate evidence of prevailing market rates for attorney fees, then it may, 'in its discretion, use other relevant factors, including its own knowledge, to establish the rate.'" *Id.* (citing *Case,* 157 F.3d at 1257). "A district judge may consider his or her 'own knowledge of prevailing market rates as well as other indicia of a reasonable market rate.'" *Lippordt,* 468 F.3d at 1224 (citing *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 39 F.3d 1482, 1493 (10th Cir. 1994) (citation and quotation marks omitted)).

6

The first issue before the Court is the appropriate hourly rate for Plaintiff's counsel. Plaintiff requests $250.00/hour for her counsel, Mr. Robert Schroth Jr.'s time. Plaintiff argues that this is a reasonable hourly rate for an attorney with Mr. Schroth's experience in Wyoming. While this case was originally brought as a class action, Plaintiff's attempts to certify the class were unsuccessful and therefore attorney's fees should only be considered for Plaintiff's successful FDCPA claims. Therefore, this was not a complicated class action, but rather an individual case for violations of the FDCPA, as such the hourly rate should reflect the reasonable rate for an attorney performing those services.

The Court has researched reasonable fees for attorneys of similar experience in Wyoming. The 2009 Bar Member Survey on fees shows that only 14.4% of attorneys in Wyoming charge $200.00-300.00/hour. The largest portion of attorneys in Wyoming (25.6%) charge between $151.00-200.00 /hour. The Court has also considered other cases from around the District, in particular, the Court finds instructive the case of *Wells Fargo Bank NA v. Landstrom*, 10-CV-76-J, in that case, the Judge awarded attorney's fees in the amount of $200.00/hour for a highly experienced attorney in the field of collections and foreclosure proceedings. Based on the Court's experience, the Wyoming Bar Survey and other cases from the District, the Court finds that $200.00/hour is the proper hourly rate for Mr. Schroth in this case.

### *Reasonable Hours*

Mr. Schroth seeks 148.8 hours of time in this case. Mr. Schroth indicates that he has not billed for his law clerk's time of approximately 79.5 hours spent on this case. Mr. Schroth has provided billing statements for time spent on this case. Those statements demonstrate time that was spent on paralegal and secretarial tasks, including letters and conversations with process servers, serving and filing documents, including certificates of service. Additionally, much of the time in the fee petition was spent on Plaintiff's unsuccessful attempts to certify this matter as a class action, as opposed to the individual claims that Plaintiff ultimately prevailed upon. Additionally, the billing records are cursory and it is often difficult to tell what work was done by the attorney. Rather than making a percentage cut across all the fees the Court has gone through the billing statement and disallowed time that was spent on paralegal or legal secretary tasks, such as letters and calls to process servers, preparing certificates of service, filing documents and sending documents. While the Court has attempted to give counsel the benefit of the doubt regarding whether time was appropriately spent, there are some time entries that are so cursory that the Court has disallowed them because there is no basis for the Court to find these entries were for reasonable time spent on the case. The Court also excluded time that was spent on research, drafting and otherwise preparing the class certification in this matter. The Court allowed the

time spent on Defendants' Motions to Dismiss and to Set Aside Summary Judgment and time spent preparing for Plaintiff's individual claims and for the Motion for Attorney's Fees.

After a careful review of counsel's billing records the Court will disallow 44 hours of time for the reasons stated above. The Court will allow 104.8 hours of time at $200.00/hour for attorney's fees amount of $20,960.00.

*Costs*

Plaintiff also seeks costs in the amount of $531.75 to prosecute this action. These costs are for filing and service fees. The Court finds that these costs are allowable and will award $531.75 in costs.

### Conclusion

For all of the above stated reasons, it is ORDERED that Plaintiff's Motion for Statutory Damages and Attorney's Fees and Costs is GRANTED as set forth below.

IT IS ORDERED that Plaintiff shall recover statutory damages for her FDCPA claims in the amount of $1,000.00 and statutory damages for her TCPA claim in the amount of $3,000.00, for total statutory damages of $4,000.00 for both claims.

IT IS FURTHER ORDERED that Plaintiff shall recover from Defendants the total sum of $20,960.00 for attorney's fees in this case and shall also recover costs in the total amount of $531.75.

Dated this 20th day of April, 2011.

*[signature]*

NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE